Case number 16-3010 United States of America v. Lowell Brian Lamont also known as Brian, also known as B-Big, also known as B-Appellant Mr. Axon for the Appellant, Ms. Kudlow for the Appellant May it please the Court, Counsel Tony Axon representing Lowell Lamont I'd like to reserve two minutes for rebuttal The District Court abused its discretion by refusing to retroactively reduce Mr. Lamont's sentence pursuant to Amendment 782 of the Sentencing Guidelines That decision was substantively unreasonable because the remaining sentence that Mr. Lamont is serving right now was greater than necessary under the factors of 3553A Specifically, Mr. Lamont's original sentence was based on a guideline range that the Sentencing Commission retroactively reduced And the District Court acknowledged that it was, in fact, based on that guideline range And that was a driving factor in the parties arriving at the 180-month sentence that the District Court imposed That was based on a guideline range of 168 to 210 months With the reduction, the guideline range went down to 135 to 168 months That being such a predominant factor in the sentence that was imposed it was an abuse of discretion for the District Judge not to reduce the sentence when that predominant factor was reduced by the Sentencing Commission Well, what specifically was the District Court's error? What specifically did he abuse his discretion? Which aspect of his decision? You say in your brief at one point that You say in your brief at one point that  But the judge did expressly note that factor And simply said that it wasn't sufficient to deter future misconduct, misbehavior So, I mean, there's no abuse of discretion there, is there? No, there's never an abuse of discretion when the judge has adequately considered something Okay, so where is it in this case? But I'm talking about a substantive unreasonableness And really substantive unreasonableness comes down to whether the sentence, the ultimate sentence, is too high or too low And the only way to determine I suppose it's difficult to determine whether a sentence is too high or too low abstractly It's always based on reasons It's always based on the background and history and characteristics of the defendant And in this case, I'm simply saying that the ultimate sentence, the failure to reduce the sentence It was greater than necessary Because the predominant factor driving that original sentence was the sentencing guidelines I'm not saying that the District Court committed a procedural error Although procedural errors could lead to a substantively unreasonable sentence And although the District Court's failure to discuss aspects of a defendant's background may reveal that the District Court did not adequately consider something But I am simply arguing in this case that the sentence that remained intact was substantively unreasonable But why? That's my question Because the guideline range that drove that original sentence had been reduced So is it your view that all sentences that are covered by this statute the District Court has to reduce them? It's not my view that the District Court has to reduce them I didn't think so So the District Court has the discretion not to reduce a sentence that's covered by that's covered by this statute, correct? Section 3582 So that's my question Once you acknowledge that the District Court has discretion not to reduce a sentence tell us, if you could, what was the District Court's What error did the District Court make here? I understand that this Court has held that it would be the rare case that a sentence is either so high or so low that this Court will reverse it But I believe that the argument is always available to the defense that the sentence is too high And the only I do cite the guidelines themselves being reduced And the disparity, the sentencing disparities, the guidelines were created to eliminate I think those two arguments go hand in hand Didn't the District Court give us some discussion on that disparity question as to the background and nature of this particular defendant as compared to the younger, less experienced criminals who might be sentenced under? I think that's an argument that could be made I don't think the District Court actually said disparity You may not have used the word disparity, but the record would support a finding on our part that he had not abused discretion by ignoring disparity I couldn't argue with that conclusion I I He did not focus on disparity I'm pleased that the District Court did look at the individual characteristics of Mr. Lamont in this case And obviously, any time a court looks at the individual characteristics the next step, the inference that can be drawn from that is that the District Court was not continuing the disparity because it was individualizing this defendant I am, again, simply arguing that the guidelines were reduced here The guidelines seek to eliminate disparities And the ultimate sentence in this case was greater than necessary If the court doesn't have any other questions, I submit on the pleading Thank you May it please the court and counsel, Danielle Cudlow on behalf of the United States The District Court in this case believed both at the time of the recording of the original sentencing in 2006 and 10 years later at the reduction hearing in 2016 that the seriousness of the offense, which involved a large-scale drug conspiracy throughout D.C., Virginia, and Maryland and appellant's criminal history warranted 180 months incarceration And we see this first at the original sentencing in January 2006 where Judge Walton specifically noted Justifiably, with your criminal history, I could give you a much greater sentence But in this case, the United States has determined what this sentence should be and I will reluctantly go along with that Ten years later at the reduction hearing, Judge Walton then noted I remember this case specifically, and I remember the seriousness of the offense And he goes on to state Had there not been an 11C plea in this case I would have given a significant sentence probably much more significant than 180 months And he justified that by the 3553A factors which he was required to do under 3582C2 And he looked there at more than five kilograms of cocaine being distributed throughout D.C. The fact that appellant just wasn't one of the co-conspirators He, in fact, was the leader of this conspiracy And, in addition, when they executed the search warrant at appellant's home Related to this case, they found $60,000 in cash, a loaded weapon, and a loaded magazine And then, as your honors pointed out He particularly went to appellant's criminal history And he noted that was the most troubling concern for recidivism Appellant had two prior convictions for distribution before the instant offense One at 24 years of age, and the other one at 29 He had been incarcerated at 29 and then was on a period of supervised release When he committed and was convicted of the instant offense at 39 years old And Judge Walton found that age particularly concerning And he looked at it under individualized consideration And said, we treat older offenders differently than youthful indiscretions And the fact, for one reason or another, appellant has chosen a life of crime And it was in Judge Walton's discretion under the 3553A factors A1 and A2 in particular That this background suggested that he would likely to commit a new offense And for that reason, he denied the reduction motion But as your honors pointed out The arguments that were put forth, Judge Walton really focused on eligibility But after the eligibility, defense counsel at the sentencing motion said You know, this is a changed man She brought up appellant's background for his post-incarceration conduct And Judge Walton did consider that and addressed it in his order He specifically said, as noted, although he has reformed in prison It doesn't offset the weight that we have to the seriousness of the offense In light of that, there's nothing on this record that fails to show That Judge Walton did not recognize his statutory responsibility To consider the 3553A factors And he gave them due deference for the factors that were emphasized before defense counsel There's no requirement under the case law that he had to address numerically Every 3553A factor And it is very clear that this is a discretionary grant Not a constitutional mandate You want to say anything about our jurisdiction to hear this case? Your honor, the government's position about jurisdiction Is that this claim falls under 3742A And under 3742A, substantive unreasonableness claims Would not be allowed to be heard by this court pre-Booker And that is what we believe applies What do you think about the Supreme Court's decision, Dillon v. United States? Dillon supports this position It does? It does, your honor Because as United States v. Bauer had emphasized That Dillon talked about a limited adjustment It is not a full resentencing However, what defendant is appealing Is not the denial of the motion itself But the resulting sentence that is imposed And we believe 3742 is the appropriate jurisdictional vehicle to review these claims Because 3582C2 was enacted under the same statute as 3742 And also it references the guidelines under 3553 For that reason, we believe that 3742A is the appropriate vehicle for jurisdiction Now the scope of appellate review would be limited to violations of law Or a clearly erroneous fact that the district court had relied upon In this case, as appellants made clear His arguments rely on substantively unreasonableness claims The idea that the district court did not weigh these claims properly Those are the type of claims that would not be cognizable under appellate review So in this case, the government's position is we have no jurisdiction to hear this appeal? You have jurisdiction to hear the appeal However, the claims that appellant has raised Do not fall under the scope of the jurisdiction to review So, yes Okay Anything else? No Okay, thank you Thank you, your honor Counsel have any time left? Go ahead I understand that the government submitted a 28-J letter To alert the court to jurisdiction in this matter But the government has not challenged jurisdiction in this case We take a different view We believe that Dillon would support jurisdiction But even before looking at jurisdiction under Dillon Jurisdiction exists under this case Because the district court's denial of the 3582 motion Was a final order under section 1291 And this court has jurisdiction to review any final order I'm not sure what to make of the government's argument That this court has jurisdiction But the claims that we can challenge under that jurisdiction are limited There's I guess I'm also unclear as to how This court would go back to a pre-Booker era of jurisdiction For some cases And the post-Booker era Was excised The section of 3752 And replaced the standard of review With the standard that I'm advocating here The reasonableness review It's a little harder to see where the government's drawing the line Between what we have jurisdiction over and what we don't What do you understand their line to be if you understand it? I'm actually at a loss That's your defense jury Do you want to have her come back? No? Okay We'd submit on our case Thank you Case is submitted Please call the next case
judges: Tatel, Wilkins, Sentelle